# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 26-50061
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2026

Lyle W. Cayce
Clerk

PETER VICTOR AYIKA,

*Petitioner—Appellant*,

*versus*

UNITED STATES OF AMERICA,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:25-CV-436

———————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

In 2009, petitioner Peter Victor Ayika, then a licensed pharmacist, was indicted for unlawfully possessing and distributing hydrocodone. *See* 21 U.S.C. § 841(a)(1). A jury convicted, and the district court sentenced Ayika to 170 months' imprisonment (later reduced to 151 months). In 2015, Ayika filed a motion to vacate his conviction under 28 U.S.C. § 2255,

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

arguing (among other things) that he was a pharmacist licensed to sell controlled substances and thus fell within § 841(a)'s authorization exception. *See* 21 U.S.C. § 841(a) ("Except as authorized by this subchapter . . . "). The district court denied the motion, concluding that Ayika's conduct fell "outside the usual course of medical practice" and thus outside § 841(a)'s authorization exception. *Ayika v. United States*, Nos. EP-14-CV-367-FM, EP-09-CR-660-FM-1, 2016 WL 9050959, at *5 (W.D. Tex. May 24, 2016).

In 2025, Ayika filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, relying on the Supreme Court's intervening decision in *Ruan v. United States*, 597 U.S. 450 (2022). In *Ruan*, the Court held that § 841(a) requires the Government to "prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Id.* at 454. Because his jury had not been instructed that it could convict only if it found knowledge or intent, Ayika argued, he had been convicted of something that is not a crime. The district court dismissed the petition, relying on § 2255(e), which forbids district courts from "entertain[ing]" a § 2241 petition when the petitioner has been denied (or failed to apply for) relief under § 2255 unless a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

On appeal, Ayika argues—relying on our decision in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001)—that § 2255 is inadequate or ineffective because his claim (1) "is based on a retroactively applicable Supreme Court decision"—namely, *Ruan*—"which establishes that [he] may have been convicted of a nonexistent offense," and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. The Supreme Court, however, has abrogated *Reyes-Requena*, holding that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent . . . restrictions on second or

No. 26-50061

successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).

*Jones* forecloses Ayika's § 2241 petition. We AFFIRM.